UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| WILLIAM R. HALL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 15-60-ART |
| v. | ) | |
| | ) | |
| MOUNTAIN COMPREHENSIVE | ) | **ORDER** |
| HEALTH CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants have a right to combat the charges against them.   They have a tough time doing so when they don't know what those charges are.   A lawsuit therefore cannot proceed until the plaintiff has served the defendant with a complaint.

In July 2015, William and Jennifer Hall filed a qui tam complaint against Mountain Comprehensive Health Corporation.[1]  R. 1.  In March 2016, the United States decided not to intervene.  R. 8.  The Halls then had ninety days to serve Mountain with their complaint. R. 9; *see* 31 U.S.C. § 3730(b)(2).  By their own admission, the Halls never did.  R. 17 at 1.

Normally in this situation, the Court would dismiss the complaint without prejudice. *See* Fed. R. Civ. P. 4(m).  But the Court may give the Halls more time to serve the complaint if they can show "good cause" for failing to do so in ninety days.  *Id*.  And if they cannot, the Court still "has discretion to permit late service even absent a showing of good cause."

---

[1] The Halls have named an ensemble of defendants, including:  Mountain Comprehensive Health Corporation, Isom Community Pharmacy, Inc., Medicorp, Inc., Whitesburg Medical Center Pharmacy, Inc., Public Drug Company, Inc., B&H Apothecary, LLC, KYVA Investment, Inc., Jordan Drug, Inc., Harlan Medical Center Pharmacy, Inc., and LB Clinic Pharmacy.  For ease of reference, the Court will refer to the defendants collectively as "Mountain."

*Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996).

The case law does not say what "good cause" is, exactly. But it does have plenty of examples about what good cause is not. Good cause is not an "inadvertent failure" to serve, nor a mere "half-hearted effort[] to serve." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). *Id.* Personal matters of the everyday sort, like taking care of children, are not a good cause to disregard the rules of service, either. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

To avoid the normal rules, then, a plaintiff must "at least" show that his neglect was "excusable." *Stewart*, 2000 WL 1785749, at *1 (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). Neglect is excusable if a "serious" obstacle stood in the way of serving the defendant. *Nafziger*, 467 F.3d at 522. Say the defendant intentionally evaded service. *Friedman*, 929 F.2d at 1157. Or the plaintiff is proceeding pro se and has been paralyzed. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 75 (6th Cir. 1994). Those would be good causes for delay. Short of those, the plaintiff must serve the defendant on time. If the plaintiff needs an extension, he can always take the "simple step" of asking for one, rather than waiting for the clock run out and asking the Court to restart it. *Nafziger*, 467 F.3d at 522.

Here, the Halls assert three "causes." First, "[a]s the deadline [for service] approached, [their] counsel became entangled in unexpected and substantial amounts of wedding planning." R. 17 at 1–2. Anyone who has gone through that experience knows its perils. But the experience is, happily, not an unusual one. And law firms have many partners who can, and often do, help their colleagues out in times of tragedy as well as joy. Wedding planning therefore is not a good cause to disregard the rules of service.

Second, "[d]ue to a communication error, which is solely [their] counsel's fault, [the Halls'] counsel did not set in place a backup process to serve" the defendants in the event that he got too busy to see to it himself. R. 17 at 2. That argument falls under the heading of "inadvertent failure." *Friedman*, 929 F.2d at 1157. Needless to say, rules apply even to those who forget about them. So this alleged cause is not a "good" one, either.

Finally, the Halls "and [their] counsel have been diligently attempting to resolve issues between them." R. 17 at 2. Should they fail to do so, their counsel apparently "will be required to withdraw." *Id*. If anything, that argument encourages the Court to dismiss this action. If the Halls need time to find counsel they get along with, they should take it—but not while Mountain is wondering whether the present action will ever proceed. Plus, lawyers and their clients disagree all the time, and in this case the plaintiffs have had since July 2015 to work the kinks out. Thus, these alleged "issues" are not a "serious" obstacle to service. *Nafzinger*, 467 F.3d at 522. Without any "good cause" for failing to serve their complaint earlier, the Halls do not warrant extra time to serve it now. Fed. R. Civ. P. 4(m).

Nor have the Halls shown why this case is one where the Court, in its discretion, should loosen up and allow for late service. The courts of this circuit have identified quite a few factors to guide such an inquiry. Since neither the Sixth Circuit (nor the Supreme Court) has explicitly laid these factors out, they are of course not binding. But they help organize the discussion nonetheless. They include:

(1)     whether the plaintiff requests a "significant extension,"

(2)     whether the extension would "prejudice" the defendant, aside from the "inherent" prejudice in having to defend against a lawsuit,

(3)     whether the defendant had "actual notice" of the lawsuit,

(4)    whether a dismissal (without prejudice) would "substantially prejudice" the plaintiff, and

(5)    whether the plaintiff made "any good faith efforts" to serve the defendant.

*See Smith v. Parks*, Civ. No. 5:14-260-KKC, 2015 WL 770337, at *3 (E.D. Ky. Fed. 23, 2015) (quoting *Kinney v. Lexington-Fayette Urban Cty. Gov't*, Civ. No. 5:12-360-KKC, 2013 WL 3973172, at *2 (E.D. Ky. Aug. 1, 2013)).

One factor favors the Halls:  Mountain had actual notice the suit; after all, it moved to dismiss the suit without getting served (factor three).  The rest favor Mountain.  The Halls request a month's extension, a pretty significant amount of time to mail a complaint that has existed since July 2015 (factor one).  R. 17 at 3.  According to Mountain, the dark cloud of a lawsuit over its head—with no complaint filed, and thus no opportunity to respond—has caused it prejudice (factor two).  R. 13-1 at 4.  The Court has no reason to doubt that claim.  On the other end, a dismissal (without prejudice) would not prejudice the Halls (factor four).  As they know, the six-year statute of limitations gives them until November 2018 to bring this action again.  R. 17 at 2; *see* 31 U.S.C. § 3731(b).  Finally, as discussed above, the Halls seemingly made no effort, in good faith or otherwise, to serve Mountain on time (factor five).

With a score of four to one in favor of dismissal, this case in not one where the Court should use its discretion to relax the rules of service.  *See Stewart*, 2000 WL 1785749 at *1 (holding that "the district court did not abuse its discretion by refusing to grant an extension" when most factors favored dismissal).

The Halls respond that a dismissal would only "worsen[]" any prejudice to Mountain.  R. 17 at 3.  After the complaint gets "refiled shortly after dismissal," the Halls say, it will "likely" cause "another round of news articles and other publicity."  *Id.*  And, the Halls seem

to think, publicity would be worse than an extension.  Mountain seems to think differently.
No one forced Mountain to file a motion to dismiss—but it filed one anyway.  Apparently,
getting out from under the cloud of the current suit is worth the risk of getting stuck under
another one later.  The Court does not deny motions just because a party might have been
better off leaving an issue alone.  And because Mountain has the prevailing side of this issue,
the Court will dismiss the Halls' complaint.

Accordingly, it is **ORDERED** as follows:

(1)      Mountain's motion to dismiss, R. 13, is **GRANTED**.

(2)      The Halls' complaint, R. 1, is **DISMISSED WITHOUT PREJUDICE**.

(3)      The Clerk **SHALL STRIKE** this matter from the Court's active docket.

This the 7th day of September.

**Signed By:**

*Amul R. Thapar*

**United States District Judge**